## DWORZANSKY v. GLENN CARTAGE CO. et al.

### No. 30, Docket 22066.

United States Court of Appeals Second Circuit.

Argued Oct. 2, 1951.

Decided Oct. 29, 1951.

Herbert F. Hastings, Jr., New York City, William F. McNulty, New York City, of counsel, for appellants.

Alfred Remnek, New York City, Harry E. Kreindler and Lee S. Kreindler, New York City, of counsel, for appellee.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the plaintiff in 'a negligence action arising out of a collision between two trailer trucks, one of which was driven by the plaintiff and the other by the individual defendant, an employee of the corporate defendant. The collision occurred on the night of February 2, 1948 in the state of Ohio. The action was commenced in April 1948, federal jurisdiction resting upon diversity of citizenship. The case has been twice tried. On the former trial the jury returned a verdict for the defendants, which the trial court set aside because of error in the admission of evidence. On the present trial the jury rendered a verdict of $65,000 for the plaintiff. Naturally the defendants were disappointed and they have appealed from the resulting judgment.

At the trial the principal contest concerned the question of negligence. The jury's verdict on this issue is not now challenged. The appeal presents only the question whether the court erred in denying a motion to strike out all the testimony of Dr. Wingebach, a specialist in neurological surgery, who was a witness for the plaintiff.

It is unnecessary to recite the medical testimony in detail. Concededly the jury could find that the collision resulted in some injury to the plaintiff's back. Shortly after the accident Dr. Shapiro treated him for contusions in the "dorsal-lumbar region." Some eight months later, in October 1948, he was admitted to Bellevue Hospital and treated for a complaint which Dr. Wingebach diagnosed as due to a "probable herniation" of one of the intervertebral discs in the lower part of the back. An operation on the herniated disc was performed by Dr. Wingebach in December 1948. Despite the operation, the plaintiff continued to complain of severe pain which radiates from the disc area down into his right leg and toes and has incapacitated him for work. After

testifying as to the operation and as to the plaintiff's condition on November 8, 1950, when Dr. Wingebach examined him with a view to testifying at the trial, the doctor expressed the opinion in response to an abbreviated hypothetical question, to which no objection was interposed, that the collision was a competent producing cause of the injuries and condition he had described. After both sides had rested, counsel for the defendants moved to strike out all of Dr. Wingebach's testimony. This motion was denied without comment by the court.

█ The appellants contend that the evidence shows that the disc injury which must have been the principal basis for the jury's generous verdict, might have been produced by so slight a cause as coughing; that Dr. Wingebach's opinion that the collision was a competent producing cause was based on the assumption, as admitted by him on cross-examination, that the pain felt by the plaintiff at the time of the accident, or shortly thereafter, started in the lower part of the back or in the neck and that there is no evidence in the record to support this assumption. To this the plaintiff answers first that the motion was properly denied because too broad, since part of Dr. Wingebach's testimony—for example, that relating to the operation—was competent, even if his answer to the hypothetical question should have been stricken.[1] But we find it unnecessary to rest decision on this technical ground. The plaintiff's second answer is that there is support in the record for the facts assumed in the hypothetical question. We think there is. At folio 152 the plaintiff testified that at the moment of collision "I felt a sharp crack in my back, this pain running alongside of my thigh, right down to my calf, to the toes." The pain he felt when he got to New York a few days after the accident was similarly located (fols. 183, 387). It was for the jury to evaluate Dr. Wingebach's expert testimony in the light of the plaintiff's testimony as well as the hospital records and the other medical testimony, and to determine whether or not the collision was the cause of the plaintiff's injury in the "lumbar-sacral" region of his back.

Judgment affirmed.

1. See United States v. Becktold Co., 8 Cir., 129 F.2d 473, 480; Arizona Power Corp. v. Smith, 9 Cir., 119 F.2d 888, 890; Blinder v. Monaghan, 1936, 171 Md. 77, 85, 188 A. 31, 35; McNicholas v. Continental Baking Co., Mo.App.1938, 112 S. W.2d 849.